IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THOMAS W. MCNAMARA, as the Court-Appointed Receiver for SSM Group, LLC; CMG Group, LLC; Hydra Financial Limited Fund I; Hydra Financial Limited Fund II; Hydra Financial Limited Fund III; Hydra Financial Limited Fund IV; River Elk Services, LLC; OSL Marketing, Inc., a/k/a OSL Group, Inc.; and related subsidiaries and affiliates,<br><br>     Plaintiff,<br><br>v.<br><br>KATTEN MUCHIN ROSENMAN LLP<br><br>     Defendant. | Case No. 4:16-cv-01203-SRB |

## ORDER

Before the Court are Plaintiff's Motion *in Limine* for Order Excluding Certain Proposed Expert Testimony of Edward J. Heiser and Suggestions in Support (Doc. #125), Plaintiff's Motion *in Limine* for Order Excluding Proposed Expert Testimony of Steve W. Browne and Suggestions in Support (Doc. #126), and Defendant Katten Muchin Rosenman LLP's Motion to Exclude Expert Opinions of Deepak Gupta (Doc. #139). This Order resolves two issues presented in the Motions and argued by the parties at the in-person hearing held on September 3, 2019. All other issues not addressed in this Order remain pending.

**I. Issues of Law**

Plaintiff argues Defendant's experts Steve Browne and Edward Heiser improperly opine on the state of the law and should be precluded from doing so. Defendant argues Plaintiff's expert Deepak Gupta's "opinions based on errors of law should be excluded." (Doc. #145, p. 19). The experts in this case will not be permitted to opine on issues of law. "[E]xpert testimony

on legal matters is not admissible." *S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003) (internal citation omitted). "Matters of law are for the trial judge, and it is the judge's job to instruct the jury on them." *Id.* While the parties recognize their experts are prohibited from opining on matters of law, the parties disagree about whether certain portions of the experts' opinions involve propositions of law. The parties also disagree in a number of instances about what propositions of law apply. Aside from the Court's decision below, the Court will decide specific matters of law and strike portions of the experts' reports in which the experts improperly testify on matters of law in a separate order.

## II. Requirements for Proving Causation and Damages

The parties disagree about whether the requirements for proving the causation and damages elements of a legal malpractice claim as set forth in *SKMDV Holdings v. Green Jacobson, P.C.*, 494 S.W.3d 537, 547 (Mo. App. E.D. 2016) and *Nail v. Husch Blackwell Sanders, LLP*, 436 S.W.3d 556, 565 (Mo. banc 2014) apply to Plaintiff's legal malpractice claim. Defendant argues *SKMDV* and *Nail* apply and require Plaintiff to prove: (1) the settlement in the underlying case would have been less or unnecessary but for the law firm's negligence; (2) the plaintiff's total recoverable damages in the underlying case attributable to the negligent law firm; and (3) the settlement was reasonable mitigation of the total recoverable damages. Defendant argues that Mr. Gupta's opinion that the underlying settlement in this case was necessary to mitigate damages should be excluded because he failed to analyze all relevant considerations. Plaintiff argues that *SKMDV* and *Nail* do not apply because those cases involve transactional malpractice claims. Plaintiff argues that under *Williams v. Preman*, 911 S.W.2d 288, 297 (Mo. App. W.D. 1995), *overruled on other grounds by Klemme v. Best*, 941 S.W.2d 493 (Mo. banc 1997), Plaintiff is only required to prove that settlement was necessary to mitigate damages.

2

Plaintiff argues that Mr. Browne's opinion that relies on the standard set forth in *SKMDV* and *Nail* must be excluded.

The Court finds *SKMDV* and *Nail* do not apply to this case, as those cases address the requirements to establish causation and damages in the specific context of transactional malpractice. 494 S.W.3d 537, 545–46 ("[I]n the context of transactional malpractice, . . . we hold, that a plaintiff must show that an agreement more preferable to the plaintiff likely would have been consummated but for the negligence of the defendant attorney.") (internal citation and quotation marks omitted); 436 S.W.3d 556, 566 (A transactional malpractice plaintiff "must prove that [the other contracting party] would have agreed to the relevant provisions" and that "but for the negligent drafting [of the subject contract] the result would have been more favorable."). This case is controlled by *Williams*, which sets forth "the test for justifying passing the cost of the settlement on to the defendant," which "is to prove that plaintiff was driven to the necessity of settling because, if the case had not been settled, plaintiff would have been worse off." 911 S.W.2d at 298–300 ("Because the attorney who is accused of negligence is allowed no voice in whether the underlying claim is settled, such attorney ought to be entitled to require that the plaintiff prove that the settlement was necessary to mitigate plaintiff's alleged damages.") Mr. Gupta and Mr. Browne may testify and face cross-examination concerning "the necessity and wisdom of settlement" and regarding "what would have happened if the adversarial action had been tried rather than settled." *Id*. The Court will rule on specific portions of the expert reports that must be eliminated in light of this Order in a separate order.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: September 5, 2019